OXFORD STATE BANK, Appellant, v. HERMAN HOLSCHER, WILLIAM PIGUNG, JAMES SHERLOCK.

**Satisfaction by New Note:** JURY QUESTION. Defendant executed the note sued on as surety for a co-defendant, and after its maturity his principal gave two new notes to plaintiff, the payee, the first note being stamped "Paid." The first note was not surrendered, and plaintiff's cashier testified that the others were executed with the understanding that they were not to be received in satisfaction or renewal of the first without the surety's signature which was never given; that he stamped the first note "Paid," supposing that the surety was ready to sign, and, on learning his mistake, wrote on the note "Stamped by mistake," and called the maker's attention thereto. This the maker denied, and also testified that there was no agreement for the surety's signature for the last two notes. *Held*, that a judgment for defendant was supported by the evidence.

**Appeal:** NOTICE OF APPEAL: *Recital in abstract.* An abstract of record on appeal reciting that "plaintiff served due, legal, and timely notice of appeal," sufficiently shows service of notice on all the defendants and persons required to be served.

*Recitals as to evidence.* An abstract of record recited that appellant on a certain day filed a complete transcript of the testimony, etc. The amended abstract filed by appellees averred that they therein set out their amended abstract of the testimony, and concluded, "We have set out the testimony somewhat full" because appellant was asking a reversal for insufficiency of evidence. *Held*, to sufficiently show that all the evidence was before the court.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

FRIDAY, DECEMBER 20, 1901.

ACTION for judgment on a promissory note executed by defendants to the plaintiff. Defendant Sherlock alone answered, pleading that the note sued on "was paid and canceled by the acceptance of an individual note from the

defendant Herman Holscher" without the knowledge or permission of this defendant. He further answers that he was only surety for Herman Holscher on said note, and that, in consideration of the payment of interest in advance, plaintiff extended the time of payment six months, without the knowledge or consent of this defendant. Plaintiff replied, denying that it received the note of Holscher in satisfaction of the note sued upon, and denying that the time for paying this note was extended. Verdict and judgment were rendered in favor of defendant. Plaintiff appeals.— *Affirmed.*

*L. A. Foster* and *O. A. Byington* for appellant.

*Ranck & Bradley* and *L. Harrington* for appellee.

GIVEN, C. J.—I. Appellee insists in argument that it does not affirmatively appear that plaintiff has taken the necessary legal steps to perfect an appeal to this court. The abstract, after showing all the proceedings, says, "Thereafter plaintiff served due, legal, and timely notice of appeal of said cause to the supreme court, and secured cost of transcript." Appellee contends that it does not appear that notice of appeal was served upon all or either of the defendants, nor upon the clerk, nor when served. The showing is that plaintiff "served due, legal, and timely notice of appeal." It could not be due, legal, and timely notice of appeal unless served upon all the persons required to be served, in the manner and within the time prescribed. The purpose of an abstract is to secure brevity, by omitting mere formal parts of the record, and to present only that which is essential; and such is this abstract, as to the taking of an appeal. It is conceded that the question is presented on this appeal whether the verdict is supported by the evidence. Appellee contends in argument that appellant's abstract does not show that it contains all the evidence. It shows "that on the 15th day of June,

1900, appellant filed in the office of the clerk of the district court a complete transcript of the testimony taken in said case, and there has been filed all certificates of the judge before whom this cause was tried, and of the official reporter thereof, which are required by law." Appellee filed his amended abstract of record, in which he says: "And the appellees herein set out their amended abstract of the testimony and proceedings had as shown by the transcript of the tesimony." In conclusion he says: "We have set out the testimony somewhat full for the reason that appellant is asking for a reversal in this case on the ground that the verdict is not supported by the evidence." Surely we must understand from this that we have all the evidence before us in the two abstracts.

II. The only question presented on this appeal is whether the verdict is supported by the evidence. December 18, 1894, the defendants executed their promissory note to the plaintiff, due in six months, for a loan of money to defendant Holscher, the principal; the others being sureties. On September 21, 1895, defendant Holscher executed to plaintiff his note dated back to correspond with the maturity of the first note, namely, June 21, 1895, for the same amount, $180, due in six months after date. On December 23, 1895, the date of the maturity of the second note, Holscher executed a third note for the same amount of principal, due 30 days after date. No money was paid on the execution of either the second or third note. The defendant contends that the second note was given and received in renewal and in satisfaction of the one sued upon, and that the third was given in renewal and satisfaction of that, all without his knowledge or consent, and therefore he is not lable on said first note. Plaintiff's claim is that neither the second nor third note were executed and received in satisfaction of the first; that the second note was executed by Holscher upon the distinct understanding that it was not to be received in renewal or

satisfaction of the first until signed by the defendant, Sherlock, and that, Sherlock having failed to sign it, the third note was executed upon the same understanding and agreement; and that, Holscher never having procured Sherlock to sign either said second or third note, neither was received in renewal or satisfaction of the first note. Plaintiff relies upon the tesimony of its cashier to the effect just stated, and the fact that the note sued upon was never surrendered. The defendant relies upon the testimony of Holscher as denying that there was an agreement that Sherlock was to sign the renewal notes, and the fact that the first note was marked as paid on that day the second note was given, by plaintiff's cashier, and that notices were sent to Holscher on the maturity of both the second and third notes. The cashier says concerning his stamping of the first note as paid that he understood from Holscher that Sherlock was present or near by and ready to sign the second note, and, so understanding, stamped the note as canceled, and that, finding Sherlock was not there, he wrote on the note, "Stamped by mistake," and called Holscher's attention to it. This Holscher denies. We have stated sufficient of the evidence to show that it is somewhat conflicting, and that different minds might draw different conclusions from it. It was peculiarly the province of the jury to settle these conflicts, and to say what the proper conclusions are. Their verdict has such support that, under familiar rules, we should not disturb it.—*Affirmed.*